## CIRCUIT COURT OF FAIRFAX COUNTY

Allstate Ins. Co.

v.

Diane S. Moody

July 9, 1996

Case No. L-149023

By Judge F. Bruce Bach

This matter comes before the Court on the motion of Diane Moody requesting the Court to grant Summary Judgment and Partial Summary Judgment regarding her Motion for Judgment and Allstate's Counterclaim, respectively.

*Background*

Plaintiff Allstate Insurance Company brought this suit to resolve the dispute with Defendant Diane S. Moody regarding the insurance policy between the parties and the repair of Moody's residence following a loss caused by fire. Allstate seeks to exercise its alleged option to repair and/or rebuild the residence.

The fire at Moody's residence occurred on March 26, 1995. Moody submitted a proof of loss with Allstate pursuant to her insurance policy. Moody submitted a bid to repair the property in the amount of $135,812.55. Moody claims that Allstate initially agreed to settle this matter by a cash payment in the amount of $85,380.56, but later withdrew the bid, stating that it would exercise its option to rebuild, replace, or repair. Allstate obtained its own bid that estimated the loss to be $85,380.56. Allstate claims that it seeks to exercise its option to repair and rebuild due to the disparity in the bids. Allstate claims that it notified Moody of its election to exercise the option on June 19, 1995, within thirty days of the receipt of the proof of loss as required by the insurance policy.

*Procedural History*

Initially, the parties could not reach an agreement as to the value of the loss. Moody filed an action to compel appraisal on July 24, 1995. Allstate opposed this motion; however, the Court granted the Motion on August 11, 1995. The appraisal process was completed, and the scope of the loss so determined. Moody's later motion alleging that Allstate was not in compliance with the court-ordered appraisal was denied.

In the present suit, Allstate requests the Court to declare that it has a right to rebuild and to declare that Moody is in default for failing to provide Allstate with the scope of the work. Moody counterclaimed and alleges that Allstate breached its contract by failure to settle the claim by cash payment, that Allstate breached its obligation to rebuild and repair because it failed to use the insured's selected contractors, and requests declaratory judgment in its favor.

*The Option to Repair, Rebuild, or Replace*

Moody claims that Allstate may not exercise the option to rebuild or repair in this case, because Condition 7 of the insurance policy does not apply in this case. She claims that the loss, caused by fire, is governed instead by the section of the policy "Home Replacement Cost Guarantee" and Allstate therefore has no option to repair, rebuild, or replace.

Condition 7 states Allstate's settlement options:

> In the event of a covered loss, we have the option to: (a) repair, rebuild or replace all or any part of the damaged, destroyed or stolen property with property of like kind and quality within a reasonable time; or (b) pay for all or any part of the damaged, destroyed or stolen property; or (c) take all or part of the covered property at the agreed or appraised value. We will notify you of the option or options we intend to exercise within 30 days after we receive your signed, sworn proof of loss.

The "Home Replacement Cost Guarantee" provision states in part:

> We will settle covered losses to building structures under the Dwelling Protection coverage at replacement cost without regard to the limit of liability, subject to Condition (6) in this section. The Home Replacement Cost Guarantee only applies to structures that are repaired or replaced after a covered loss.

Moody claims that, pursuant to this section, she is entitled to payment in settlement of her loss.

Allstate claims that it has the option to rebuild pursuant to the terms of the insurance policy and to Virginia Code § 38.2-2105. Allstate claims that § 38.2-2105 "expressly provides that an insurance company has the right to rebuild the premises." Virginia Code § 38.2-2105 provides the standard provisions for fire insurance policies and states, in part:

> It shall be optional with this Company to take all, or any part, of the property at the agreed or appraised value, and also to repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time, on giving notice of its intentions so to do within thirty days after the receipt of the proof of loss herein required.

Allstate argues that Condition 7 of the insurance policy expressly provides this option as well.

I find that § 38.2-2105 and Condition 7 confer the right upon Allstate to select the settlement option of repair, rebuild, or replace. I find that the provisions cited by Moody (i.e. Condition 6 and the Home Replacement Cost Guarantee) merely clarify the provisions of the policy and clarify certain elements of the settlement options. The fire insurance policy is a contract between the parties. " 'In the construction of a contract the whole instrument is to be considered; not any one provision only, but all its provisions; not the words merely in which they were expressed, but their object and purpose, as disclosed by the language, by the subject matter and the condition and relation of the parties'." *Worrie v. Boze*, 191 Va. 916, 925, 62 S.E.2d 876, 880 (1951) (citation omitted). The Court must construe the contract as a whole, and these provisions must be construed together. I construe Condition 7 as detailing Allstate's options for settlement, and Condition 6 and the Home Replacement provisions as clarification of elements of the various options.

Moody's arguments that Allstate is prohibited from exercising its option because it does not possess the appropriate contractor's license and that Allstate waived this option by initially offering a cash settlement are also without merit. Condition 7 requires Allstate to notify the insured of the option it intends to exercise in settling the claim within thirty days of receiving the insured's signed, sworn proof of loss. In this case, Allstate sent Moody a letter on June 19, 1995, that informed her of their election to

exercise this option as required by the contract between the parties and withdrew their offer to make a cash settlement.

### Virginia Code § 38.2-517

Moody argues that § 38.2-517 entitles Moody to select the contractor to rebuild or repair and that Allstate may not force Moody to utilize the contractors it chooses to do the work at issue. Moody claims that this situation is clearly an instance of a settlement, and this code section applies. Therefore, even if Allstate has the option, Moody asserts that Allstate may not force Moody to utilize the contractors chosen by Allstate.

Allstate argues that Moody's reliance on this code section is not applicable in this case, because this code section applies only to the payment of monies and not to rebuilding. Allstate asserts that because there is no monetary payment being made in this case, § 38.2-517 does not apply. Allstate further argues that even if § 38.2-517 does apply, it is in conflict with § 38.2-2105, and the latter should apply because it contains provisions that apply specifically to fire insurance policies.

I find that these code provisions are in conflict. Section 38.2-2105 gives Allstate the option to rebuild, repair, or replace. However, § 38.2-517 applies also because Allstate is clearly attempting to settle this claim. I find that, pursuant to § 38.2-517, Allstate may not require Moody to utilize the services of Allstate's contractors as a prerequisite to settlement. However, I find that this code section does not necessarily give Moody the right to select a contractor of her choice. The solution to this difficulty is to offer Moody the choice of having her residence rebuilt and/or repaired by Allstate's contractors, or to offer Moody cash settlement, at the appraised value.

### Failure to Provide Specifications of the Loss

Allstate claims that Moody breached the contract by failing to provide sufficient specifications of the loss she is claiming. Moody argues that she provided the specifics to the best of her ability when she provided Allstate with the itemized bid with her proof of loss. Moody also contends that her initial proof of loss was accepted by Allstate and that the scope of the loss has been determined by the appraisal as ordered by the Court.

I find that Moody is not in breach of the contract and that she should amend the specifications, if necessary, to Allstate's reasonable satisfaction.

## Conclusion

For the reasons stated above, I find that summary judgment is not appropriate at this time. Allstate may exercise its option to rebuild and/or to repair or offer a cash settlement to Moody. However, Allstate may not require Moody to accept contractors as a prerequisite to settling this claim. I find that the appraisal process has been completed and the settlement of this claim should proceed. Moody is directed to supplement her responses to Allstate's request, if necessary.